IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENRY L. BUTLER,     :
              :
  Plaintiff,      :
              :  No. 4:CV-07-1840
  v.         :
              :  (McClure, J.)
DEAN T. FOCHIOS, M.D.,   :
              :
  Defendant.     :

**O R D E R**

March 12, 2008

**BACKGROUND:**

On October 9, 2007, plaintiff Henry L. Butler filed the instant civil action setting forth a cause of action under Pennsylvania law for medical malpractice. Jurisdiction is based on diversity as plaintiff is a citizen of Pennsylvania, defendant is a citizen of New York, and the amount in controversy exceeds $75,000. (Rec. Doc. No. 1, ¶¶ 1-3.)

On January 7, 2008, plaintiff's attorney filed a motion to withdraw as counsel for plaintiff. (Rec. Doc. No. 7.) The motion stated that "Plaintiff and Defendant have agreed that in the event a Certificate of Merit as provided for in the Pennsylvania Rules of Civil Procedure is required in a federal court action, that it

-1-

would be filed on or before January 7, 2008." (<u>Id.</u> ¶ 3.)  The motion further stated that plaintiff had an expert review plaintiff's medical records , and that the expert was unwilling to issue a Certificate of Merit.  (<u>Id.</u> ¶¶ 5-7.)  Finally, the motion requested not only counsel's withdrawal, but that the court stay all proceedings and extend the deadline for filing a Certificate of Merit by thirty days.   (<u>Id.</u> ¶ 11.)

On January 8, 2008, defendant filed a motion to dismiss based on plaintiff's failure to file a Certificate of Merit.  (Rec. Doc. No. 8.)  Defendant filed a supporting brief the same day.  (Rec. Doc. No. 9.)  Also on January 8, 2008, defendant filed a response to plaintiff's attorney's motion to withdraw which concurred in the motion to the extent it requested counsel's withdrawal but did not concur in the request for a stay of the proceedings and extension of time to file a Certificate of Merit.  (Rec. Doc. No. 14, at 4.)

On January 23, 2008, plaintiff filed a brief in opposition to defendant's motion to dismiss.  (Rec. Doc. No. 16.)  For the following reasons, the court will grant defendant's motion.

**DISCUSSION:**

Rule 1042.3 of the Pennsylvania Rules of Civil Procedure states that "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit . . ."  Furthermore, Rule 1042.6 states that "[t]he prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time . . ."

In Chamberlain v. Giampapa, the Third Circuit ruled that a federal court sitting in diversity should apply New Jersey's "Affidavit of Merit" statute for malpractice cases because it is sufficiently substantive and does not conflict with any federal rule or statute.  210 F.3d 154, 158 (3d Cir. 2000).  Furthermore, several courts in our circuit have relied on the Third Circuit's reasoning in Chamberlain in ruling that a federal court sitting in diversity should apply Pennsylvania's Certificate of Merit statute.  Hartmon v. Low Sec. Correctional Institutional Allenwood, Civ. No. 04-0209, 2005 WL 1259950 at * 3-4 (M.D.Pa. May 27, 2005) (Muir, J.); Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 511 (E.D.Pa. 2004) (Baylson, J.); Velazquez v. UPMC Bedford Memorial Hospital, 328 F.Supp.2d

549, rev'd in part on reconsideration, 338 F.Supp.2d 609 (W.D.Pa. 2004) (Gibson, J.).  Therefore, we believe that Pennsylvania's Certificate of Merit Statute is applicable to the instant case.

As it is clear that plaintiff has failed to comply with the Certificate of Merit requirement, the only remaining consideration is whether the court should grant plaintiff an extension of time to file a Certificate of Merit.  Despite having time prior to filing the complaint to secure a Certificate of Merit, as well as sixty days after the filing of the complaint and an additional thirty days that was granted by defendant, plaintiff nevertheless was unable to secure a Certificate of Merit. Plaintiff even had an expert review his medical records and the expert was unwilling to issue a Certificate of Merit.  (Rec. Doc. No. 7, ¶¶ 5-7.)  Therefore, we will not grant plaintiff additional time to file a Certificate of Merit and will dismiss the complaint without prejudice.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  Plaintiff's counsel's motion to withdraw as counsel is GRANTED. (Rec. Doc. No. 7.)

2.  Defendant's motion to dismiss is GRANTED.  (Rec. Doc. No. 8.)

3.  Plaintiff's complaint is dismissed without prejudice.

4.      The clerk is directed to close the case file.


                          s/ James F. McClure, Jr.      
                         James F. McClure, Jr.
                         United States District Judge